[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION FOR WRIT OR MANDAMUS
The application sets out the following facts:
The plaintiff, Chester Later, was and is the landlord and owner of real property known as Parkway Mobile Home Park (Park) in Berlin, Connecticut.
Thomas Bell (Bell) was and is a resident of that Park, renting Lot #21 therein for his mobile home.
Alfred Rioux was and is the High Sheriff for Hartford County and responsible as such for the actions of his deputies.
On June 25, 1989 Bell was notified in writing in accordance with 21-80(a)(3) of the Connecticut General Statutes that the landlord was closing the Park on July 31, 1989 because the land was being changed to commercial usage. That closing was later extended to July 31, 1992.
On or about July 31, 1992 Bell was served a Notice to Quit Possession because the Park was being closed. CT Page 2588
On October 15, 1992 the plaintiff obtained judgment for possession against Bell in an action in Hartford Housing Court, SPH 92-09-07028. Under the terms of the judgment the plaintiff had the right to execute on the judgment after 15 days.
On December 15, 1992 an execution was obtained against the defendant. Said execution gave the right to the plaintiff to remove the defendant and his personal effects from the unit, pursuant to 47a-42 of the Connecticut General Statutes.
On January 8, 1993 pursuant to the terms of the execution Deputy Sheriff Albert Graham (Graham) served the Town of Berlin copies of the execution informing the Town that the defendant would be evicted on January 13, (1993).
Subsequent to the Town's disclaimer of any responsibility Graham, based on the advice of the Chief Deputy Sheriff, Frank DeLucco, indicated that he had no authority to physically remove Bell from the premises.
"Under 47a-42 of the Connecticut General Statutes a deputy sheriff is permitted to evict a tenant when an execution has been obtained against the tenant, and the Town where the tenant resides is responsible for removing his personal belongings."
"Plaintiff seeks a Writ of Mandamus from this Court compelling the High Sheriff and his deputies to perform their legal duty as set forth in the General Statutes in removing the defendant [sic] from the premises if the defendant [sic] physically refuses to leave pursuant to 47a-42 of the Connecticut General Statutes."
The demand for relief is as follows:
"WHEREFORE, plaintiff requests this Court to issue a Writ of Mandamus ordering the defendant High Sheriff Alfred Rioux his Deputies of the Sheriff's Department in [sic] complying with 47a-42 of the Connecticut General Statutes in effecting the execution."
The writ, summons and application in this action were CT Page 2589 served on the High Sheriff, Alfred Rioux. No service was made on Bell in this mandamus action.
It appears that the applicant may believe that Bell is a defendant here. He is not. He should be.
In accordance with Connecticut Practice Book 85 and 99, the court on its own motion orders that Thomas Bell be joined as a defendant in this action.
N. O'Neill, J.